UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case 1:14-cr-00178-SEB-MJD-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| JOE JONES | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:14-cr-00178-SEB-MJD |
| JOE JONES, | ) -01 |
| Defendant. | ) |

## ORDER

Defendant Joe Jones has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 67, 74. Mr. Jones seeks immediate release from incarceration. Dkt. 74. For the reasons explained below, his motions are **DENIED**.

**I.    Background**

In December 2015, Mr. Jones pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Dkts. 42, 44. According to the Presentence Investigation Report, on May 2, 2014, law enforcement attempted to stop Mr. Jones for a traffic infraction, and while he initially pulled over, he then accelerated from the scene. Dkt. 31. While fleeing the officer, Mr. Jones struck two parked cars and threw a black and silver gun from the driver's side window of his vehicle. Mr. Jones was ultimately arrested, and a search of his car revealed 900.46 grams of marijuana, 30 alprazolam (Xanax) tablets, 40 benzylpiperazine (ecstasy) tablets and $595 in cash. Officials also recovered the gun he had thrown from the car, a 9mm semiautomatic handgun loaded with one magazine containing an unidentified number of 9mm rounds. The Court sentenced Mr. Jones to 192 months of

imprisonment, to be followed by a 4-year term of supervised release. Dkts. 42, 44. The Bureau of Prisons ("BOP") gives his projected release date with good time credit as April 18, 2028.

Mr. Jones is 39 years old. He is currently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. As of March 5, 2021, the BOP reports that 2 inmates and 4 staff members at FCI Hazelton have active cases of COVID-19; it also reports that 147 inmates at FCI Hazelton have recovered from COVID-19 and that 1 inmate at FCI Hazelton has died from the virus. https://www.bop.gov/coronavirus/ (last visited Mar. 5, 2021). The BOP has also actively begun vaccinating inmates against COVID-19. *Id.* As of March 5, 2021, 327 inmates and 321 staff members at the Hazelton Correctional Complex have received both doses of the COVID-19 vaccine. *Id.*

In October 2020, Mr. Jones filed a pro se motion for compassionate release. Dkt. 67. The Court appointed counsel, dkt. 68, counsel filed an amended motion for compassionate release and supporting memorandum, dkt. 74, the United States responded, dkt. 78, and Mr. Jones filed a reply, dkt. 80. Thus, his motions are ripe for decision.

**II.     Discussion**

Mr. Jones seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 74. Specifically, he contends that his underlying medical conditions (hypertension and asthma), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Jones has not shown extraordinary and compelling reasons warranting a sentence reduction; that he would pose a danger to the community if released; and that the § 3553(a) factors do not favor release. Dkt. 78.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> > 
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

---

[1] The United States concedes that Mr. Jones has exhausted his administrative remedies. Dkt. 78 at 4.

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Jones does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[2]

The risk that Mr. Jones faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Jones's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Mr. Jones contends that he is at risk of experiencing severe symptoms if he contracts COVID-19 because he suffers from hypertension and asthma. However, neither of those conditions place him at increased risk of suffering severe symptoms if he contracts COVID-19. Hypertension is on the Centers for Disease Control and Prevention's (CDC) list of conditions that *might* increase an individual's risk of experiencing severe illness if they contract COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court has considered the rationale provided by the warden in denying Mr. Jones's administrative request for relief. Mr. Jones's warden appears not to have considered the possibility that Mr. Jones could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *See* dkt. 74-4. Thus, the warden's decision provides little guidance to the Court's analysis.

conditions.html#heart-conditions (last visited Mar. 4, 2021). Hypertension is, however, very common, https://www.cdc.gov/bloodpressure/facts.htm (last visited Mar. 4, 2021) (noting that nearly half of adults in the United States have hypertension or are taking medication for hypertension), and this Court has consistently held that hypertension alone is not an extraordinary and compelling reason warranting a sentence reduction, *see United States v. Jones*, No. 1:15-cr-92-JMS-MJD-01, dkt. 65 (S.D. Ind. Sept. 17, 2020); *United States v. Davis*, No. 3:02-cr-2-RLY-CMM-01, dkt. 142 (S.D. Ind. Nov. 17, 2020).

Similarly, moderate-to-severe asthma is also on the CDC's list of conditions that *might* increase an individual's risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (last visited Mar. 4, 2021). However, Mr. Jones's asthma does not appear to be moderate-to-severe; at worst, it appears to be intermittent-to-mild. The notation on the prescription for his albuterol inhaler from August 2020 specifically states that it is not to be used daily, but only used as needed to prevent/relieve an asthma attack. Dkt. 78-2 at 13. In December of 2017 and December of 2018, Mr. Jones reported having no history of respiratory failure requiring intubation; no hospitalizations due to difficulty breathing; and no exacerbations within the past 12 months. Dkt. 78-3 at 5, 56. Mr. Jones reports using the inhaler before exercise. Dkt. 78-3 at 26. Thus, it would appear Mr. Jones's asthma does not rise to the level of a condition that might increase his risk for severe disease from COVID-19. *See* https://www.uofmhealth.org/health-library/hw161158 (last visited Mar. 4, 2021) (summarizing symptoms of moderate and severe asthma; stating that asthma is considered moderate if any of the following are true of the patient's condition without treatment: daily symptoms or daily inhaler use; symptoms interfere with daily activities; nighttime symptoms occur more than one time a

week but do not happen every day; lung function tests are abnormal (more than 60% to less than 80% of expected value) and PEF varies more than 30% from morning to afternoon).

Without any medical conditions that put him at increased risk of severe illness should he contract COVID-19, the Court cannot find that Mr. Jones has shown extraordinary and compelling reasons to justify his release. This Court has routinely denied such motions from similar defendants, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Given the Court's determination that Mr. Jones has not shown extraordinary and compelling reasons to justify his release, the Court discusses the § 3553(a) factors only briefly. When law enforcement attempted to pull him over for the traffic violation which would ultimately lead to his prosecution in this matter, Mr. Jones fled the scene in his vehicle, hitting parked cars and endangering everyone around him. Dkt. 31. Mr. Jones also has a serious criminal history, with convictions that include two counts of robbery in 1999 and possession of a firearm by a serious violent felon and battery in 2004. *Id.* Mr. Jones also violated his probation/parole on more than one occasion. *Id.* Finally, Mr. Jones has only served approximately half of his sentence and still has more than 7 years remaining.

While the Court commends Mr. Jones for his intention and desire to become a contributing member and law-abiding citizen of his community when he is released, it cannot conclude that the § 3553(a) factors weigh in favor of release at this time, despite the fact that Mr. Jones might face some risk from the COVID-19 pandemic.

### III.    Conclusion

For the reasons stated above, Mr. Jones's motions for compassionate release, dkts. [67] and [74] are **denied**.

**IT IS SO ORDERED.**

Date:    3/22/2022

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel